UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,  )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )
                                    )
ROBERT E. LANE,                     )
WEALTH POOLS INTERNATIONAL, INC., and )
RECRUIT FOR WEALTH, INC.,           )
                                    )
                    Defendants,     )
                                    )
T-N-T EDUCATION COMPANY, INC.,      )
RICHARD LANE,                       )
MUNDO TRADE, INC.,                  )
RENEE BECKER,                       )
JULIA LANE, and                     )
FIRST FIDUCIARY BUSINESS TRUST,     )
                                    )
                    Relief Defendants. )
                                    )
_____)

2:07mc3380-MEF

## ORDER APPOINTING RECEIVER

WHEREAS, Plaintiff Securities and Exchange Commission has filed an emergency motion for the appointment of a Receiver over Defendants Wealth Pools International, Inc. and Recruit for Wealth, Inc. (collectively "Wealth Pools"), with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of Wealth Pools; marshal and safeguard all of the assets of Wealth Pools; and take whatever actions are necessary for the protection of the investors;

WHEREAS, the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by Wealth Pools and Defendant Robert E. Lane;

WHEREAS, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of Wealth Pools, including any properties, assets and other items held in Wealth Pools' name or its principals' names, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that Denise D. Dell-Powell is hereby appointed the Receiver over Wealth Pools, its subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of Wealth Pools, whatsoever and wheresoever located belonging to or in the possession of Wealth Pools, including but not limited to all offices maintained by Wealth Pools, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Wealth Pools wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of Wealth Pools were conducted and institute such actions and legal proceedings, for the benefit and on behalf of Wealth Pools and its investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have

wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in Wealth Pools, including against ~~Theodore~~ Lane, Wealth Pools, its officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in Wealth Pools; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Present to this Court a report reflecting the existence and value of the assets of the Wealth Pools and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Wealth Pools;

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of Wealth Pools, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which Wealth Pools or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Wealth Pools is a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of Wealth Pools, the Receiver may file appropriate pleadings in the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by Wealth Pools;

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of Wealth Pools and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of Wealth Pools (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of Wealth Pools.

IT IS FURTHER ORDERED AND ADJUDGED that, in connection with the appointment of the Receiver provided for above:

10. Wealth Pools and all of its directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Wealth Pools shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver

4

authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Wealth Pools;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, Wealth Pools shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12. Unless authorized by the Receiver, Wealth Pools and its principals shall take no action, nor purport to take any action, in the name of or on behalf of Wealth Pools;

13. Wealth Pools, and its principals, and its respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony upon two (2) business days notice (by facsimile), and producing documents upon two (2) business days notice, while the Commission's request for an Asset Freeze is pending. Wealth Pools and its principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Wealth Pools; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

15. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Wealth Pools;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to Wealth Pools;

17. Title to all property, real or personal, all contracts, rights of action and all books and records of Wealth Pools and its principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to Wealth Pools shall provide a reference of calls from any number presently assigned to Wealth Pools to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Wealth Pools shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding Wealth Pools, and to handle future deliveries of the mail of Wealth Pools as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Wealth Pools or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. Service of this Order shall be sufficient if made upon Wealth Pools and its principals by facsimile or overnight courier;

24. In the event that the Receiver discovers that funds of persons who have invested in Wealth Pools have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

25. Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of parties and non-parties subject to two (2) business days notice. In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within two (2) business days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier. Depositions may be taken by telephone or other remote electronic means; and

26. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** this _6_ day of _December_ 2007, at _Orlando_, Florida.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Christopher E. Martin, Esq.
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
**Counsel for Securities and Exchange Commission**
Phone: (305) 982-6386
Fax:    (305) 536-4154
E-mail: martinc@sec.gov

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
    Deputy Clerk

8